UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. _____

JERRY HO, individually
and as Personal Representative of the
ESTATE OF AMY TONG

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation, d/b/a
ROYAL CARIBBEAN CRUISE LINE and/or
ROYAL CARIBBEAN INTERNATIONAL
_____/

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JERRY HO, individually and as Personal Representative of the ESTATE OF AMY TONG, through the undersigned counsel, hereby sues Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation, d/b/a ROYAL CARIBBEAN CRUISE LINE and/or ROYAL CARIBBEAN INTERNATIONAL RCCL Corporation d/b/a RCCL Cruise Lines, and alleges:

**THE PARTIES AND JURISDICTION**

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

1

between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendants.

3. The Plaintiff, Jerry Ho ("Mr. Ho"), is *sui juris* and is a resident and citizen of California, USA.

4. The Defendant, ROYAL CARIBBEAN CRUISES, LTD. (hereinafter be referred to collectively referred to as "RCCL", "Defendants" or the "Cruise Line") is a corporation registered and incorporated in Liberia and has its principal place of business in Miami, Florida. For purposes of diversity, therefore, this defendant is a citizen of both Liberia and of Florida. This defendant does business as Royal Caribbean Cruise Line and as Royal Caribbean International and is authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times material hereto, this defendant owned and/or operated the cruise ship on which the subject injury occurred.

5. RCCL at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. Venue is proper in this Court because RCCL's principal place of business is within Miami-Dade County and a substantial part of the events or omissions giving rise to the causes of action set forth herein occurred within the county. The Passenger Contract Ticket issued by RCCL also requires that suit be brought in this Court.

7. RCCL may be served with this Complaint under Florida Statutes §§ 48.081, 48.091, 48.181, 607.1501 and/or 607.1507.

8. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

9. RCCL, as a common carrier, is engaged in the business of providing vacation cruises to the public aboard vessels including the *Freedom of the Seas*. At all times material hereto, RCCL owned, operated, managed, maintained, and/or controlled the *Freedom of the Seas*.

10. RCCL, through online, television, radio and print advertisements specifically markets its cruises as family friendly vacations with extensive offerings and activities for people of all ages and abilities. As part of providing vacation cruises, RCCL is obligated to provide competent medical care and facilities, as well as personnel capable of making sound medical and evacuation decisions.

11. On June 30, 2017, Amy Tong and her husband Jerry Ho, were paying passengers onboard the *Freedom of the Seas* for a seven night western Mediterranean cruise.

12. At the time, the ship was berthed in Naples, Italy.

13. On the evening of June 30, 2017 at approximately 7:00PM, Amy Tong, who had well controlled Lupus erythematosus, began complaining of trouble breathing. Her husband, Jerry Ho immediately contacted the Ship's medical office but learned the office was closed.

14. Mr. Ho then searched for and found a crewmember who contacted an on-call nurse by telephone.

15. After advising the nurse of Mrs. Tong condition, the nurse again informed Mr. Ho that the ship's medical facility was closed and insisted on a "telephone triage."

16. After completing the telephone triage, the on-call nurse asked Mr. Ho and his wife to go to the ships infirmary.

17. When they arrived at the infirmary, the door to the infirmary was locked and none of the ship's medical personnel were present.

18. About 20 minutes after they arrived, the on-call nurse unlocked the door and examined Mrs. Tong. At the time her oxygen level was 74% and her heart rate was at 134 BPM.

19. The ships doctor then arrived and elected to perform a number of diagnostic tests including a chest x-ray and to give Mrs. Tong oxygen and treat her with a nebulizer among other things as her condition continued to worsen.

20. At approximately 9:50PM, Mrs. Tong and Mr. Ho were removed from the ship and brought to land by the Italian Coast Guard to seek treatment ashore.

21. They arrived ashore at approximately 11:00PM where Mrs. Tong transferred to an Italian Hospital by ambulance.

22. At or about 11:00 PM, Mrs. Tong arrived at the Italian Hospital.

23. At or about 12:15AM, Mrs. Tong passed away from congestive heart failure.

24. Mr. Ho has forever been deprived of the companionship, support, services, and relationship of his wife Amy Tong.

25. At all times material hereto, RCCL officials and employees located in Florida had the ability to monitor and participate in safety, security, and medical emergencies on board the *Freedom of the Seas* by communicating with the ship's crew via telephone, videoconference, Skype and other means of communication. RCCL, through both the crew on board the *Freedom of the Seas* and its officials and employees in Florida, who acted in consultation with one another, failed to properly care for Mrs. Tong.

26. As a result of RCCL's wrongful conduct, the Plaintiff has been forced to retain the undersigned counsel to prosecute this action. The Plaintiff is obligated to pay such counsel a reasonable fee and to reimburse litigation costs.

## COUNT I – DOHSA NEGLIGENCE

Plaintiff re-alleges and incorporates by reference paragraphs 1 – 26 of this Complaint.

27. The Death on the High Seas Act (DOSHA) provides a cause of action for negligence on behalf of vessel passengers killed on vessels sailing beyond the three nautical mile limit off the coast of the United States.

28. In light of RCCL's experience and familiarity with the demographics of the passengers on its cruises, the onboard and offshore recreational activities taking place on its cruises, the foreign destinations visited on its cruises, and the illnesses experienced by past cruise passengers, it was reasonably foreseeable to RCCL that the *Freedom of the Seas* would have passengers with common illnesses such as Plaintiff's condition. Likewise, it was reasonably foreseeable that such passengers would require proper examination, evaluation and treatment.

29. RCCL owed Plaintiff the duty of exercising reasonable care under the circumstances. In particular, as Plaintiff was ill on board the *Freedom of the Seas* and reported to the ship's medical center, RCCL owed Plaintiff the duty of protecting her from injury relating to her illness, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

30. RCCL breached its duty of protecting Plaintiff from injury relating to her illness, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. RCCL breached its duty in one or more of the following ways:

    a. RCCL failed to timely evacuate Plaintiff by helicopter or speed boat to receive competent medical care within a reasonable period of time. When a patient with Lupus displays the symptoms Mrs. Tong displayed, immediate evacuation was the only reasonable course of treatment. Yet, RCCL failed to do so.  Instead, it failed evacuate Mrs. Tong until after it had performed numerous diagnostic tests and attempted unsuccessful treatments for hours.

    b. RCCL's failures are especially egregious given that the *Freedom of the Seas* was berthed in Naples, Italy where evacuation by air or boat was possible, and where excellent medical facilities were readily available shore side.

    c. RCCL's failure to evacuate Mrs. Tong by air ambulance directly to a shore side medical facility rather than by boat once her condition continued to worsen was a further egregious act of negligence.

d. RCCL relied on medical opinions and/or advice of ship doctors and nurses who were not properly qualified and failed to have proper licenses in the jurisdiction of the flag of the ship on which they were hired to provide medical care;

e. RCCL failed to properly consult qualified shore-based personnel to make safe decisions about treatment and evacuation, though it had the capability through email, Skype, telephone, and other means of communication to get a competent and adequate medical opinion regarding Mrs. Tong's condition and whether she should be evacuated;

f. RCCL failed to adequately train, supervise, and instruct crew members to properly respond to medical emergencies and take steps to promptly evacuate a passenger who they were clearly unprepared and unqualified to treat. If properly trained, Mrs. Tong would have been evacuated immediately by air rather than by boat after hours of useless testing.

g. RCCL failed to develop and institute adequate procedures and policies to address Plaintiff's medical situation;

h. RCCL failed to employ the proper type of doctors and nurses; and

i. RCCL failed to have or utilize "Face to Face Telemedicine." Modern technology gave RCCL every opportunity to conduct a face-to-face medical interaction with Mrs. Tong so that she could be properly diagnosed and evacuated.

j. RCCL knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that injured Plaintiff. These conditions and failures were longstanding and obvious to RCCL, leaving no doubt that RCCL should have known about them.

    k. At all times, the *Freedom of the Seas* was unseaworthy for the reasons stated above.

31. As a direct and proximate result of RCCL breaching its duty to Mrs. Tong, she suffered a wrongful death. If Mrs. Tong had received the appropriate care and treatment or had been timely evacuated from the ship, she would not have suffered such devastating injuries resulting in death.

32. Plaintiff seeks all damages recoverable under law or equity that the Court may deem just and proper.

WHEREFORE, Plaintiff, Jerry Ho, individually and as Personal Representative of the Estate of Amy Tong, respectfully requests that this Court enter judgment against the Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation, d/b/a ROYAL CARIBBEAN CRUISE LINE and/or ROYAL CARIBBEAN INTERNATIONAL, for compensatory damages, interest, court costs, and all other relief recoverable under the applicable law or as this Court deems just and proper.

### COUNT II – DOSHA NEGLIGENCE OF NON-MEDICAL PERSONNEL
**(Vicarious Liability Based Upon Actual Agency / *Respondeat Superior*)**

Plaintiff re-alleges and incorporates by reference paragraphs 1 – 26 of this Complaint.

33. The Death on the High Seas Act (DOSHA) provides a cause of action for negligence on behalf of vessel passengers killed on vessels sailing beyond the three nautical mile limit off the coast of the United States.

34. In light of RCCL's experience and familiarity with the demographics of the passengers on its cruises, the onboard and offshore recreational activities taking place on its cruises, the foreign destinations visited on its cruises, and the illnesses experienced by past cruise passengers, it was reasonably foreseeable to RCCL that the *Freedom of the Seas* would

have passengers similar in age to Plaintiff, and passengers with common illnesses such as Plaintiff's condition. Likewise, it was reasonably foreseeable that such passengers would require proper examination, evaluation and treatment.

35. RCCL, through its non-medical personnel, including its officers, directors, employees, agents, servants and/or persons otherwise authorized to act on behalf of RCCL, both on board the *Freedom of the Seas* and located at RCCL's place of business in Miami, Florida, owed Plaintiff the duty of exercising reasonable care under the circumstances. In particular, as Plaintiff was ill on board the *Freedom of the Seas* and reported to the ship's medical center, RCCL owed Plaintiff the duty of protecting her from injury relating to her illness, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

36. RCCL, through the negligence of its non-medical personnel, breached its duty to Plaintiff to exercise reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. RCCL breached its duty in one or more of the following ways:

    a. RCCL failed to timely evacuate Plaintiff by helicopter or speed boat to receive competent medical care within a reasonable period of time. When a patient with Lupus displays the symptoms Mrs. Tong displayed, immediate evacuation was the only reasonable course of treatment. Yet, RCCL failed to do so. Instead, it failed evacuate Mrs. Tong until after it had performed numerous diagnostic tests and attempted unsuccessful treatments for hours.

b. RCCL's failures are especially egregious given that the *Freedom of the Seas* was berthed in Naples, Italy where evacuation by air or boat was possible, and where excellent medical facilities were readily available shore side.

c. RCCL's failure to evacuate Mrs. Tong by air ambulance directly to a shore side medical facility rather than by boat once her condition continued to worsen was a further egregious act of negligence.

d. RCCL relied on medical opinions and/or advice of ship doctors and nurses who were not properly qualified and failed to have proper licenses in the jurisdiction of the flag of the ship on which they were hired to provide medical care;

e. RCCL failed to properly consult qualified shore-based personnel to make safe decisions about treatment and evacuation, though it had the capability through email, Skype, telephone, and other means of communication to get a competent and adequate medical opinion regarding Mrs. Tong's condition and whether she should be evacuated;

f. RCCL failed to adequately train, supervise, and instruct crew members to properly respond to medical emergencies and take steps to promptly evacuate a passenger who they were clearly unprepared and unqualified to treat. If properly trained, Mrs. Tong would have been evacuated immediately by air rather than by boat after hours of useless testing.

g. RCCL failed to develop and institute adequate procedures and policies to address Plaintiff's medical situation;

h. RCCL failed to employ the proper type of doctors and nurses; and

      i. RCCL failed to have or utilize "Face to Face Telemedicine." Modern technology gave RCCL every opportunity to conduct a face-to-face medical interaction with Mrs. Tong so that she could be properly diagnosed and evacuated.

37. RCCL knew or reasonably should have known about these conditions and failures, but failed to correct them prior to the incident that injured Plaintiff. These conditions and failures were longstanding and obvious to RCCL, leaving no doubt that RCCL should have known about them.

38. At all times, the *Freedom of the Seas* was unseaworthy for the reasons stated above.

39. RCCL is vicariously liable for the acts and/or omissions of its non-medical personnel. RCCL acknowledged that its non-medical personnel would act for it, they manifested an acceptance of the undertaking, they were subject to the right of control by RCCL, and they were acting within the scope of their employment or agency at all material times hereto.

40. Plaintiff seeks all damages recoverable under law or equity that the Court may deem just and proper.

WHEREFORE, Plaintiff, Jerry Ho, individually and as Personal Representative of the Estate of Amy Tong, respectfully requests that this Court enter judgment against the Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation, d/b/a ROYAL CARIBBEAN CRUISE LINE and/or ROYAL CARIBBEAN INTERNATIONAL, for compensatory damages, interest, court costs, and all other relief recoverable under the applicable law or as this Court deems just and proper.

### COUNT III – NEGLIGENCE OF MEDICAL PERSONNEL
### (Vicarious Liability Based Upon Actual Agency / *Respondeat Superior*)

Plaintiff re-alleges and incorporates by reference paragraphs 1 – 26 of this Complaint.

41. The Death on the High Seas Act (DOSHA) provides a cause of action for negligence on behalf of vessel passengers killed on vessels sailing beyond the three nautical mile limit off the coast of the United States.

42. RCCL's medical personnel, including the doctors and nurses on board the *Freedom of the Seas*, were the employees, agents, servants and/or persons otherwise authorized to act on behalf of RCCL. Thus, RCCL is vicariously liable for the acts and/or omissions of its medical personnel.

43. RCCL acknowledged that its medical personnel, including the doctors and nurses on board the *Freedom of the Seas*, would act for it, and the medical personnel manifested an acceptance of the undertaking. For example: (1) RCCL directly paid the medical personnel for their work in the medical center on board the *Freedom of the Seas*; (2) the medical center on board the *Freedom of the Seas* was created, owned and operated by RCCL; (3) the medical personnel on board the *Freedom of the Seas* worked at what RCCL describes in its advertising as RCCL's medical center; and (4) RCCL knowingly provided, and the medical personnel on board the *Freedom of the Seas* knowingly wore, uniforms bearing RCCL's name and logo.

44. RCCL's medical personnel, including the doctors and nurses on board the *Freedom of the Seas*, were subject to the right of control by RCCL, and were acting within the scope of their employment or agency. For example: (1) the medical personnel were employed by RCCL; (2) the medical personnel were hired to work in a medical center on board the *Freedom of the Seas* that was created, owned and operated by RCCL; (3) the medical personnel were paid salaries and/or other employment related benefits directly by RCCL; (4) the medical personnel on board the *Freedom of the Seas* were considered to be

members of the ship's crew; (5) the medical personnel were required to wear uniforms or other insignia furnished by RCCL; (6) RCCL put the medical personnel on board the *Freedom of the Seas* under the command of the ship's superior officers, and they were subject to the ship's discipline and the master's orders; (7) RCCL had the right to fire its medical personnel; (8) RCCL directly billed the Plaintiff and other passengers onboard the *Freedom of the Seas* for services rendered by its medical personnel and/or use of the onboard medical center, medical equipment and medical supplies; and (9) the medical personnel on board the *Freedom of the Seas* were subject to the control of RCCL's shore-side medical department located in Miami, Florida.

45. RCCL, through its medical personnel, owed Mrs. Tong the duty of exercising reasonable care under the circumstances. In particular, as Mrs. Tong was ill on board the *Freedom of the Seas* and reported to the ship's medical center, RCCL owed Mrs. Tong the duty of protecting her from injury relating to her illness, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

46. RCCL, through its medical personnel, breached its duty of protecting Mrs. Tong from injury relating to her illness, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. RCCL, through its medical personnel, breached its duty in one or more of the following ways:

    a. RCCL failed to properly assess the condition of Mrs. Tong;

    b. RCCL failed to timely diagnose and appropriately treat Mrs. Tong;

c. RCCL failed to perform appropriate diagnostics to further assess the condition of Mrs. Tong;

d. RCCL failed to obtain consultations with appropriate specialists, who would have evacuated Mrs. Tong immediately.

e. RCCL failed to properly monitor Mrs. Tong;

f. RCCL failed to timely divert the ship or evacuate Plaintiff by helicopter or speed boat to receive competent medical care. Instead, it failed to even call the Coast Guard until after Mrs. Tong's condition had deteriorated significantly;

g. RCCL failed to properly consult qualified shore-based personnel to make safe decisions about treatment and evacuation, though it had the capability through email, Skype, telephone, and other means of communication to get a competent and adequate medical opinion regarding Mrs. Tong's condition and whether she should be evacuated;

h. RCCL failed to have or utilize "Face to Face Telemedicine." Modern technology gave RCCL every opportunity to conduct a face-to-face medical interaction with Mrs. Tong so that she could be properly diagnosed and evacuated.

i. RCCL failed to develop and institute adequate procedures and policies to address Plaintiff's medical situation;

j. RCCL provided medical opinions and/or advice when they were not properly qualified and lacked proper licenses in the jurisdiction of the flag of the ship on which they were hired to provide medical care; and

k. RCCL deviated from the standard of care for treating patients in Plaintiff's condition.

47. As a direct and proximate result of RCCL, through its medical personnel, breaching its duty to Mrs. Tong, she suffered a wrongful death. If Mrs. Tong had received the appropriate care and treatment or had been timely evacuated from the ship, she would not have suffered such devastating injuries resulting in death.

48. Plaintiff seeks all damages recoverable under law or equity that the Court may deem just and proper.

WHEREFORE, Plaintiff, Jerry Ho, individually and as Personal Representative of the Estate of Amy Tong, respectfully requests that this Court enter judgment against the Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation, d/b/a ROYAL CARIBBEAN CRUISE LINE and/or ROYAL CARIBBEAN INTERNATIONAL, for compensatory damages, interest, court costs, and all other relief recoverable under the applicable law or as this Court deems just and proper.

### COUNT IV – NEGLIGENCE OF MEDICAL PERSONNEL
(**Vicarious Liability Based Upon Apparent Agency**)

Plaintiff re-alleges and incorporates by reference paragraphs 1 – 26 of this Complaint.

49. The Death on the High Seas Act (DOSHA) provides a cause of action for negligence on behalf of vessel passengers killed on vessels sailing beyond the three nautical mile limit off the coast of the United States.

50. RCCL's medical personnel, including the doctors and nurses on board the *Freedom of the Seas*, were the apparent employees, agents, servants and/or persons otherwise authorized to act on behalf of RCCL. Thus, RCCL is vicariously liable for the acts and/or omissions of its medical personnel.

51. RCCL made representations to the Plaintiff and other passengers onboard the *Freedom of the Seas* that the ship's medical personnel were the employees, agents, servants and/or

persons otherwise authorized to act for RCCL's benefit. For example: (1) RCCL promoted the medical personnel on board the *Freedom of the Seas* and represented them as being RCCL employees through brochures, internet advertising and/or signs, documents, and uniforms on the ship; (2) RCCL promoted the medical center on board the *Freedom of the Seas* and described it in proprietary language; (3) the medical personnel on board the *Freedom of the Seas* worked in the medical center that RCCL promoted and described in proprietary language; (4) RCCL directly billed the Plaintiff and other passengers onboard the *Freedom of the Seas* for services rendered by the onboard medical personnel and/or use of the onboard medical center, medical equipment and medical supplies; (5) the medical personnel on board the *Freedom of the Seas* were required to wear uniforms or other insignia furnished by RCCL; (6) RCCL held out the medical personnel on board the *Freedom of the Seas* as members of the ship's crew; and (7) the medical personnel on board the *Freedom of the Seas* spoke and acted as though they were employed by RCCL. RCCL had knowledge of such representations but never took any action to indicate otherwise.

52. RCCL's representations to the Plaintiff and other passengers onboard the *Freedom of the Seas* caused them to reasonably believe that the ship's medical personnel were the employees, agents, servants and/or persons otherwise authorized to act for RCCL's benefit. Indeed, RCCL actually intended that the Plaintiff and other passengers onboard the *Freedom of the Seas* have such perception or belief because it is a marketing tool to induce passengers such as the Plaintiff to purchase cruises on RCCL's ships in the first place, to feel secure while on board RCCL's ships and/or to be a repeat RCCL customer.

53. RCCL's representations to the Plaintiff and other passengers onboard the *Freedom of the Seas* induced their detrimental, justifiable reliance upon the appearance of agency. For example, Mr. Ho and Mrs. Tong justifiably relied upon RCCL's representations in deciding to purchase a cruise on the *Freedom of the Seas*. Mr. Ho and Mrs. Tong also justifiably relied upon RCCL's representations while onboard the *Freedom of the Seas* in following the advice of the ship's medical personnel with respect to the examination, diagnosis and treatment of Mrs. Tong. Such reliance was also detrimental as Mrs. Tong ultimately suffered injuries that resulted in her death because of it.

54. RCCL, through its medical personnel, owed Mrs. Tong the duty of exercising reasonable care under the circumstances. In particular, as Mrs. Tong was ill on board the *Freedom of the Seas* and reported to the ship's medical center, RCCL owed Mrs. Tong the duty of protecting her from injury relating to her illness, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances.

55. RCCL, through its medical personnel, breached its duty of protecting Plaintiff from injury relating to her illness, and of exercising reasonable care to furnish such aid and assistance as ordinarily prudent persons would render under similar circumstances. RCCL, through its medical personnel, breached its duty in one or more of the following ways:

   a. RCCL failed to properly assess the condition of Mrs. Tong;

   b. RCCL failed to timely diagnose and appropriately treat Mrs. Tong;

   c. RCCL failed to perform appropriate diagnostics to further assess the condition of Mrs. Tong;

    d. RCCL failed to obtain consultations with appropriate specialists, who would have evacuated Mrs. Tong immediately.

    e. RCCL failed to properly monitor Mrs. Tong;

    f. RCCL failed to timely divert the ship or evacuate Plaintiff by helicopter or speed boat to receive competent medical care. Instead, it failed to even call the Coast Guard until after Mrs. Tong's condition had deteriorated significantly;

    g. RCCL failed to properly consult qualified shore-based personnel to make safe decisions about treatment and evacuation, though it had the capability through email, Skype, telephone, and other means of communication to get a competent and adequate medical opinion regarding Mrs. Tong's condition and whether she should be evacuated;

    h. RCCL failed to have or utilize "Face to Face Telemedicine." Modern technology gave RCCL every opportunity to conduct a face-to-face medical interaction with Mrs. Tong so that she could be properly diagnosed and evacuated.

    i. RCCL failed to develop and institute adequate procedures and policies to address Plaintiff's medical situation;

    j. RCCL provided medical opinions and/or advice when they were not properly qualified and lacked proper licenses in the jurisdiction of the flag of the ship on which they were hired to provide medical care; and

    k. RCCL deviated from the standard of care for treating patients in Plaintiff's condition.

56. As a direct and proximate result of RCCL, through its medical personnel, breaching its duty to Mrs. Tong, she suffered a wrongful death. If Mrs. Tong had received the

appropriate care and treatment or had been timely evacuated from the ship, she would not have suffered such devastating injuries resulting in death.

57. Plaintiff seeks all damages recoverable under law or equity that the Court may deem just and proper.

WHEREFORE, Plaintiff, Jerry Ho, individually and as Personal Representative of the Estate of Amy Tong, respectfully requests that this Court enter judgment against the Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation, d/b/a ROYAL CARIBBEAN CRUISE LINE and/or ROYAL CARIBBEAN INTERNATIONAL, for compensatory damages, interest, court costs, and all other relief recoverable under the applicable law or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims set forth herein.

Dated: August 29, 2018                     Respectfully Submitted,

**MOORE & COMPANY, P.A.**
*Counsel for Plaintiff*
255 Aragon Avenue, 3rd Floor
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: michael@moore-and-co.com
Email  cnaughton@moore-and-co.com

  **s/ Clay Naughton**
Michael T. Moore, Esq
Florida Bar No. 207845
Clay M. Naughton, Esq
Florida Bar No. 29302