UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  18-cv-23541-MARTINEZ

JERRY HO individually,
and as Personal Representative
of the ESTATE OF AMY TONG

    Plaintiff,
vs.

ROYAL CARIBBEAN CRUISES LTD.,
a Liberian Corporation, d/b/a
ROYAL CARIBBEAN CRUISE LINE

    Defendant.
_____/

## JOINT PRETRIAL STIPULATION

The parties, by and through undersigned counsel, and pursuant to this Court's Order Setting Trial, hereby file their Joint Pretrial Stipulation as follows:

### I. Joint Statement of the Case

This is a wrongful death action brought by Plaintiff, Jerry Ho, on behalf of his wife, Amy Tong. Mr. Ho and his wife were fare-paying passengers onboard Defendant's ship, the *Freedom of the Seas*, on June 30, 2017.  Plaintiff contends that on June 30, 2017, while the ship was off the coast of Italy, Amy Tong began having trouble breathing and ultimately passed away due to the alleged negligence of Defendant's shipboard medical and non-medical employees. Defendant denies all of Plaintiff's claims and contends that its personnel, including shipboard medical personnel, provided Amy Tong with reasonable care and treatment under the circumstances, including a medical evacuation of Amy Tong to a shore side hospital. Defendant denies any and all liability for Amy Tong's death and challenges the amount claimed by Plaintiff as damages.

### II. Basis for Federal Jurisdiction

This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and U.S.C. § 1333.

### III. Pleadings Raising the Issues

The pleadings raising the issues are:

| Docket Entry | Operative Pleadings |
|---|---|
| 1 | Plaintiff's Complaint |
| 48 | Defendant's Answer and Affirmative Defenses |

### IV. Undisposed Motions

| Docket Entry | Undisposed Motions |
|---|---|
| 109 | Joint Summary of the Parties' Motions *in Limine*<br><br>**The parties submit that the Court previously entered an Omnibus Order on Motions *In Limine* [D.E. 128]. However, certain motions were deferred.** |

### V. Uncontested Facts which Require No Proof at Trial

1. Plaintiff alleges the following causes of action against Defendant.
    - Count I—DOHSA Negligence
    - Count II—DOHSA Negligence of Non-Medical Personnel
    - Count III—Negligence of Medical Personnel (Based on Actual Agency)
    - Count IV—Negligence of Medical Personnel (Based on Apparent Agency)
2. Plaintiff, Jerry Ho, is a citizen and resident of California and was the husband of the deceased, Amy Tong.
3. Plaintiff is the statutory beneficiary of the decedent, Amy Tong, pursuant to DOSHA.
4. Plaintiff is the properly appointed personal representative of decedent, Amy Tong
5. Annie Tong is Amy Tong's sister.
6. Defendant is a Liberian Corporation and has its principal place of business in Miami, Florida.

7. For purposes of this litigation only, the Defendant was the operator of the subject vessel, *Freedom of the Seas*, which was sailing in navigable waters at all times material hereto.

8. The medical staff aboard the *Freedom of the Seas* are employees of Defendant and were acting within the scope of their employment at all relevant times.

9. Amy Tong was hired by University of California San Francisco on April 15, 2009.

10. The Captain aboard the vessel was an employee of RCCL and was acting within the scope of his employment at all relevant times.

11. On June 30, 2017, Annie Tong, Amy Tong and Jerry Ho, were fare paying passengers onboard the *Freedom of the Seas* for a seven-night western Mediterranean cruise.

12. The *Freedom of the Seas* was berthed in Naples, Italy on June 30, 2017 from approximately 7:00 AM until 6:30 PM.

13. Amy Tong presented to the *Freedom of the Seas* shipboard medical facility for the first time after the ship had left port in Naples, Italy on June 30, 2017.

14. Amy Tong arrived at the ship's medical office complaining of difficulty breathing.

15. *Freedom of the Seas* shipboard medical personnel provided Amy Tong with treatment for respiratory distress.

16. *Freedom of the Seas* medical personnel determined Amy Tong needed to be medically evacuated from the ship to a shore side hospital.

17. Amy Tong was evacuated from the *Freedom of the* Seas to Naples, Italy by an Italian Coast Guard rescue vessel.

18. Shipboard physician, Dr. Ernesto Fraga accompanied Amy Tong in the rescue boat.

19. Senior Dr. Phillip Buys did not accompany Amy Tong in the rescue boat.

20. Upon reaching shore (Port of Naples), Amy Tong was transferred from the Italian Coast Guard rescue vessel to an ambulance that transported her to a shoreside hospital in Naples, Italy.

21. The rescue vessel arrived ashore at approximately 11:05 PM.

22. At approximately 11:10 PM, the ambulance left the Port of Naples for the Italian Hospital.
23. Shipboard physician, Dr. Ernesto Fraga remained with Amy Tong while in the ambulance.
24. At approximately 11:45 PM, Mrs. Tong arrived at the Italian Hospital.
25. At approximately 12:15AM on July 1, 2017, Mrs. Tong passed away in Naples, Italy.

**VI.** **Contested Facts which require proof at trial**

26. Whether Defendant was negligent (that is, whether Defendant breached its duty to use reasonable care under the circumstances) and whether that negligence was the legal and proximate cause of Amy Tong's Death.
27. Whether Amy Tong was herself comparatively negligent and whether that negligence was the legal and proximate cause of Amy Tong's death.
28. Whether and to what extent Amy Tong's death caused economic damages to Plaintiff.
29. Whether Defendant failed to create or implement proper policies related to treatment and evacuation of passengers needing emergency medical care.
30. Whether the *Freedom of the Seas* was unseaworthy because of inadequate medical staffing or Defendant's failure to implement or create adequate policies and procedures related to the treatment and evacuation of passengers needing emergency medical care.
31. Whether RCCL's Medical and non-Medical Staff failed to follow RCCL policies in the treatment and evacuation of Amy Tong.
32. Whether RCCL's non-medical staff failed to provide adequate care to Amy Tong.
33. Whether RCCL's medical staff provided adequate care to Amy Tong. Whether RCCL and its medical staff failed to properly assess the condition of Mrs. Tong.
34. Whether, until her death, Amy Tong was working as a unionized full-time employee at the University of California San Francisco as an Associate Specialist, Step 4.

35. Whether Amy Tong's salary at the time of her death was $64,920 per year.
36. Whether the University of California Academic Salary Scales set out the salary and the promotion schedule for each job in the University of California system.
37. Whether the medical staff aboard the *Freedom of the Seas* ship are held to the medical standards from the American College of Emergency Physician (ACEP).

VII. **Issues of Law Which There is Agreement**

38. Jurisdiction and venue are proper in this Court.
39. The General Maritime Law of the United States applies to this case.
40. The Death on the High Seas Act (DOHSA) applies to this case.
41. Defendant owed Amy Tong a duty of reasonable care under the circumstances.
42. The Federal Rules of Evidence and Procedure apply to this case.
43. Passengers such as Amy Tong cannot allege an independent cause of action against a shipowner based solely on notions of unseaworthiness.
44. Pecuniary damages available under DOHSA are limited to:
    i. Loss of Services of the Deceased
    ii. Loss of Support
    iii. Loss of Net Accumulations to the Estate
    iv. Funeral Expenses

VIII. **Issues of Law Remaining for Determination by the Court**

45. Issues or other matters not yet disposed of. *See* Section 4 above.
46. Any evidentiary issues.
47. Amy Tong had a duty to exercise reasonable care under the circumstances for her own safety.
48. Whether, under DOHSA, Plaintiff may recover damages for loss of support in tax filing from joint to single.

Dated: March 28, 2024

Respectfully submitted,                      Respectfully submitted,

*/s/ Kavan Vartak*                           */s/ George S. Florez*
CLAY M. NAUGHTON, ESQ.                       GEORGE S. FLOREZ, ESQ.

| | |
|---|---|
| Florida Bar No. 29302 | Florida Bar No. 127331 |
| KAVAN VARTAK, ESQ. | RICHARD J. McALPIN, ESQ. |
| Florida Bar No. 1017058 | Florida Bar Number 438420 |
| MOORE & COMPANY, P.A. | McALPIN FLOREZ MARCOTTE, P.A. |
| 255 Aragon Avenue, Third Floor | 80 S.W. 8th Street, Suite 2805 |
| Coral Gables, Florida 33134 | Miami, FL 33130 |
| Tel: (786)221-0600 | Tel: 305-810-5400 |
| Fax: (786)221-0601 | Fax: 305-810-5401 |
| cnaughton@moore-and-co.com | rmcalpin@mfm-maritime.com |
| kvartak@moore-and-co.com | gflorez@mfm-maritime.com |
| *Counsel for Plaintiff* | scardelle@mfm-maritime.com |
| | dduran@mfm-maritime.com |
| | *Counsel for Defendant* |

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 28, 2024, this document was served on all counsel of record as it was electronically filed with the Clerk of the Court using the Court's electronic filing system, CM/ECF.

*s/George Florez*
George Florez, Esq.